IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PARKER MICHAEL KNIGHT,**     3:13-CV-01426-BR

      **Plaintiff,**     OPINION AND ORDER

v.

**UNITED STATES,**

      **Defendant.**


**PARKER MICHAEL KNIGHT**
45 S.E. 196th Avenue
Portland, OR 97233
(971) 400-4609

      Plaintiff, *Pro Se*

**S. AMANDA MARSHALL**
United States Attorney
**JAMES E. COX, JR.**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

      Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#6) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On July 1, 2013, Plaintiff filed a *pro se* complaint in Multnomah County Circuit Court in which he alleges he received negligent medical care from Veterans Administration (VA) physician Sunita Chalasani, M.D.  Plaintiff also alleges the following in Counts I through III:

> Defendant and or his agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff.
>
> * * *
>
> Defendant and or his agents have intentional[ly], maliciously, and without just cause, slandered the Plaintiff's names, business and reputation[] in the community by making knowingly false, malicious and intentional statements about the Plaintiff, Plaintiff's family, and the Plaintiff's business.
>
> * * *
>
> Defendant and or his agents have intentionally, maliciously and without just cause, engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiff[] and [his] business.

Compl. at ¶¶ III-V.

On August 6, 2013, United States Attorney S. Amanda Marshall filed a Certification in Multnomah County Circuit Court in which

2 - OPINION AND ORDER

she stated:

> Pursuant to 28 U.S.C. § 2679(d)(2) and the authority delegated to me by the Attorney General for the United States pursuant to 28 C.F.R. § 15.4, I hereby certify that Dr. Sunita Chalasani was acting within the course and scope of her federal employment at the time of the incident out of which this claim arose. Accordingly, the United States should be substituted as the defendant in this action in place of Dr. Chalasani.

Compl., Ex. 1 at 1-2. The United States was substituted as the defendant and removed the matter to this Court pursuant to 28 U.S.C. § 2679(d)(2).

On August 22, 2013, Defendant filed a Motion to Dismiss on the ground that the Court lacks subject-matter jurisdiction. Plaintiff did not file a response to Defendant's Motion. The Court took Defendant's Motion under advisement on October 4, 2013.

## **STANDARDS**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714

3 - OPINION AND ORDER

F.3d 1108, 1114 n.1 (9th Cir. 2013).  The court may permit discovery to determine whether it has jurisdiction.  *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss."  *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

## DISCUSSION

Defendant moves to dismiss all of Plaintiff's claims on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he exhausted his administrative remedies.  Defendant also moves to dismiss Plaintiff's claims for slander, intentional infliction of emotional distress (IIED), and fraud on the ground that the Federal Tort Claims Act (FTCA) does not waive sovereign immunity for intentional torts.

**I.   Exhaustion of tort claims**

The FTCA, 28 U.S.C. § 2671, *et seq.*, provides the exclusive remedy for monetary damages from the federal government for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28

4 - OPINION AND ORDER

U.S.C. § 2679(b)(1).  The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  In addition, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The claim-presentation requirement is "'jurisdictional in nature and may not be waived.'"  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006).

Plaintiff does not allege in his Complaint that he filed an administrative tort claim with the VA or that the VA denied in writing any administrative tort claim brought by Plaintiff.  In addition, Regional Counsel for the VA, Michael Hughes, testifies in his Declaration that he "searched the VA's claims database for information regarding any administrative tort claims made by 'Parker Knight' or [his prior name] 'Michael Oh,'" and "the search did not reveal any administrative tort claims" filed by an individual with either of those names.  Hughes Decl. at ¶ 2.

5 - OPINION AND ORDER

As noted, Plaintiff did not file any response to Defendant's Motion or submit any evidence rebutting Hughes' Declaration. Plaintiff, therefore, has not established he provided tort-claims notice to Defendant as required by the FTCA.

Accordingly, the Court grants the government's Motion to Dismiss Plaintiff's claims for failure to exhaust administrative remedies.

**II.   Sovereign immunity related to intentional-tort claims**

Defendant contends even if Plaintiff exhausted his administrative remedies, his claims for IIED, slander, and fraud are barred by the doctrine of sovereign immunity.

Under the Eleventh Amendment the sovereign is immune to claims against it by its citizens. U.S. Const. amend XI. *See also Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Congress, however, may abrogate a state's sovereign immunity under certain circumstances or, as with other constitutional rights, a state may voluntarily waive its right to immunity. *See Lane v. Pena*, 518 U.S. 187, 192-98 (1996). *See also Quantum Prod. Serv., LLC v. Austin*, 448 F. App'x 755, 756 (9th Cir. 2011)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

The test for waiver of sovereign immunity is a "stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-78 (1999)(quotation omitted).

6 - OPINION AND ORDER

Sovereign immunity may not be impliedly or constructively waived, and courts must "indulge every reasonable presumption against waiver." *Id*. at 678-82 (waivers of sovereign immunity must be "unmistakably clear"). Any ambiguity in the waiver of sovereign immunity must be construed in favor of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

Although Congress specifically waived the United States' sovereign immunity for certain claims in the FTCA, § 2680(h) of the FTCA exempts "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" from the waiver of sovereign immunity. Congress, therefore, has not waived sovereign immunity as to claims for slander and fraud like those brought by Plaintiff against the VA.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claims against Defendant for IIED, slander, and fraud without leave to amend because those claims are barred by the doctrine of sovereign immunity.

### III. Leave to amend

The Ninth Circuit has made clear that when a *pro se* plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez*, 334 F.3d at 861 (quoting

7 - OPINION AND ORDER

*Lopez,* 203 F.3d at 1130). Plaintiff's claims for IIED, slander, and fraud are dismissed with prejudice and without leave to amend based on the doctrine of sovereign immunity. Defendant has established Plaintiff may not allege he provided tort-claims notice as required by the FTCA. Accordingly, the Court also declines to allow Plaintiff to amend his negligence claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss; **DISMISSES** Plaintiff's claims for IIED, slander, and fraud **with prejudice**; and **DISMISSES** Plaintiff's claim for negligence **without prejudice**, but without leave to amend.

IT IS SO ORDERED.

DATED this 14th day of November, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER